UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TRAVIS HAWKINS,

    Petitioner,

v.                                               Case No. 4:16cv31/WS/CJK

JULIE L. JONES,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Before the court is a counseled petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 16). Respondent filed an answer, providing relevant portions of the state court record. (Doc. 20 (answer); Doc. 10, Attach. (exhibits)). Petitioner replied. (Doc. 26). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court

show that petitioner is not entitled to habeas relief, and that the petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

On July 20, 2012, petitioner had sexual intercourse with K.G., without her consent, while K.G. was unconscious from intoxication. (Doc. 10, Ex. B).[1] Petitioner was charged in Leon County Circuit Court Case No. 2012-CF-4045, with sexual battery when victim physically helpless. (Ex. A). A jury found petitioner guilty as charged, and he was sentenced to 10 years imprisonment. (Ex. C (verdict); Ex. D (transcript of sentencing); Ex. E (judgment)). On December 11, 2014, the Florida First District Court of Appeal (First DCA) affirmed the judgment per curiam without opinion. *Hawkins v. State*, 152 So.3d 568 (Fla. 1st DCA 2014) (Table) (copy at Ex. K).

Petitioner filed his federal habeas petition on January 20, 2016, (doc. 1), which he later amended (docs. 14, 16). Petitioner's counseled second amended petition raises one claim: "Petitioner's Sixth Amendment rights to a public trial were violated when the trial court closed the courtroom without following the procedures

---

[1] All references to exhibits are to those provided at Doc. 10.
Case No. 4:16cv31/WS/CJK

for doing such." (Doc. 16, p. 5). Respondent argues that the claim is procedurally defaulted because the error was not preserved by objection at trial. (Doc. 20).

## EXHAUSTION AND PROCEDURAL DEFAULT

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275 (1971)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Picard*, 404 U.S. at 277-78. A claim that was presented to the state court but rejected on an independent and adequate state ground of procedural bar is considered procedurally defaulted on federal habeas review. *See Maples v. Thomas*, 565 U.S. 266, 280 (2012) ("As a rule, a state prisoner's habeas claims may not be entertained by a federal court when (1) a state court [has] declined to address [those] claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." (alterations in original)

(internal quotation marks and citations omitted)); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *See Lee v. Kemna*, 534 U.S. 362, 375 (2002). The adequacy requirement has been interpreted to mean that the state rule must be "firmly established and regularly followed," *Siebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001), or in a manifestly unfair manner. *See Ford v. Georgia*, 498 U.S. 411, 424-25 (1991); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

A petitioner seeking to overcome a procedural default must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991) (*citing Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "To establish 'prejudice,' a

petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). The *Schlup* standard is very difficult to meet:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

513 U.S. at 327. "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Id.*

## DISCUSSION

The facts underlying petitioner's claim are these. Prior to the victim testifying at trial, the following exchange took place:

> MR. HUTCHINS [Prosecutor]: Your Honor, at this time the State will call [the victim]. But prior to calling her, we would like the Court to – we move to seal the courtroom and ask that any spectators step out.
>
> THE COURT: Okay. So, if you are – at this time we are going to have some testimony. We need – required to seal the courtroom. So I'll ask if you are a spectator, if you will please exit the courtroom at this time. We will let you in once that testimony is completed.
>
> MS. WHISNANT [Defense counsel]: Your Honor, can we just have a brief – it can be off the record?
>
> THE COURT: Sure.
>
> (Discussion held off the record.)

(Ex. B, p. 39). Petitioner did not object to the closure or ask that the prosecutor justify his request. Nor did petitioner request that the courtroom remain open during the victim's testimony. The prosecutor conducted his direct examination of the victim, and defense counsel cross-examined her, without any further mention of the closure. The record does not reveal any further action or discussion of the courtroom closure. (Ex. B). After the victim's testimony, the court re-opened the courtroom. (Ex. B, p. 107).

Petitioner acknowledges, and the record establishes, that he did not preserve the issue by objection at trial (*see* Doc. 10, Ex. B, p. 30; Doc. 16, Pet'r's Mem., p. 11), and that his Sixth Amendment claim was raised for the first time on direct

appeal. There is also no dispute that on appeal, petitioner acknowledged to the First DCA that the issue was not preserved by objection below. (Doc. 10, Ex. H, p. 8). Petitioner's appellate counsel argued that "such a gross violation of the Defendant's sixth amendment right is fundamental error and no objection is required." (*Id*.). The State answered that the First DCA should not review the merits of petitioner's claim, because trial counsel's failure to object to the courtroom closure constituted a waiver of petitioner's Sixth Amendment right to a public trial. (Ex. I, pp. 4-8). The First DCA silently affirmed. (Ex. K).

Respondent's procedural default defense turns on the question whether the First DCA's unexplained summary affirmance indicates a rejection of petitioner's claim on the merits, or on the basis of a procedural bar for petitioner's failure to object. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary. The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." *Harrington v. Richter*, 562 U.S. 86, 99-100 (2011) (*citing Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).

Florida law and the circumstances of this case make it more likely that the First DCA did not address the merits of petitioner's public trial claim because defense counsel failed to object. Florida appellate courts do not consider the merits of a Sixth Amendment public trial claim if there was no objection at trial. *See Evans v. State*, 808 So. 2d 92, 105 (Fla. 2001) (pointing to the lack of objection as a reason why there was no reversible error in the closure of a courtroom during voir dire); *Alvarez v. State*, 827 So. 2d 269 (Fla. 4th DCA 2002) (holding that the failure to object to the closure of trial constitutes a waiver of the right to a public trial and does not preserve the issue for appellate review); *Hobbs v. State*, 820 So. 2d 347, 349-50 (Fla. 1st DCA 2002) (holding that the issue of improper closure of the courtroom was not preserved for appellate review because the defendant failed to object); *Jones v. State*, 883 So.2d 369, 370 (Fla. 3d DCA 2004) (same); *Berkuta v. Florida*, 788 So. 2d 1081 (Fla. 4th DCA 2001) (holding that defense counsel can waive a defendant's right to a public trial).

Given the undisputed lack of objection at trial, a circumstance that framed both petitioner's and the State's arguments on direct appeal, it is almost certain that the First DCA did not consider the merits of petitioner's public trial claim because petitioner failed to object. The First DCA's imposition of Florida's procedural bar

is an independent and adequate state ground of decision barring federal habeas review. Petitioner makes none of the requisite showings to excuse his procedural default. Petitioner's procedural default precludes the grant of federal habeas relief.[2] *See, e.g., Hobbs v. Tucker*, No. 4:11cv223/MP/CAS, 2014 WL 793193, at *4-8 (N.D. Fla. Feb. 27, 2014) (denying § 2254 petition and adopting Report and Recommendation which explained, among other things, that Florida courts do not consider the merits of a Sixth Amendment public trial claim if no objection is made at trial and, therefore, under Florida law, petitioner procedurally defaulted his claim by failing to object at trial); *Sharpe v. McDonough*, No. 4:05cv164/RH/WCS, 2006 WL 2038562, at *3 (N.D. Fla. July 19, 2006) (same).

Even if this court were to find that *Richter's* presumption was not rebutted and that the First DCA's silent affirmance was an adjudication on the merits, petitioner still is not entitled to habeas relief. Federal courts are precluded from

---

[2] This case is distinguishable from *Judd v. Haley, supra*, where the Eleventh Circuit reversed a district court's finding that an Alabama prisoner procedurally defaulted his public trial claim. In *Judd*, <u>defense counsel preserved the issue at trial by objecting</u> to the closure during a pre-trial conference in the judge's chambers. 250 F.3d at 1311. On direct review, the Alabama Supreme Court declined to reach the merits of Judd's public trial claim and resolved it on the procedural ground that Judd "failed to have the relevant facts and proceedings included in the record". *Id*. at 1312. The Eleventh Circuit ruled that this procedural ground was not adequate to the support the Alabama court's judgment. *Id*. at 1316-18. The facts of this case and the nature of the state procedural bar differ significantly from *Judd*.

granting a habeas petition on a claim that was adjudicated on the merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362 (2000).[3] Justice O'Connor described the appropriate test:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

---

[3]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

Under the *Williams* framework, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *See Thaler v. Haynes*, 559 U.S. 43, 47 (2010); *Woods v. Donald*, 575 U.S. —, —, 135 S. Ct. 1372, 1376 (2015) ("We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." (internal quotation marks and citation omitted)).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *See Early v. Packer*, 537 U.S. 3, 8 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision

contradicts them."). Where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law. *See Woods*, 135 S. Ct. at 1377 (holding, as to claim that counsel was *per se* ineffective in being absent from the courtroom for ten minutes during testimony concerning other defendants: "Because none of our cases confront the specific question presented by this case, the state court's decision could not be contrary to any holding from this Court." (internal quotation marks and citation omitted)). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim. *See Panetti v. Quarterman*, 551 U.S. 930, 954 (2007).

If the "contrary to" clause is not satisfied, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. *See Williams*, 529 U.S. at 409; *Holland v. Jackson*, 542 U.S. 649, 652 (2004). The Supreme Court described the "unreasonable application" standard this way:

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning

> their decisions only when there could be no reasonable dispute that they were wrong. Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington, supra*, at 102-103, 131 S. Ct. 770 (internal quotation marks omitted).

*Woods*, 135 S. Ct. at 1376 (*quoting Harrington v. Richter*, 562 U.S. 86 (2011)). The § 2254(d) standard "is difficult to meet . . . because it was meant to be." *Richter*, 562 U.S. at 102.

Petitioner argues that the First DCA's decision is contrary to the United States Supreme Court's decision in *Waller v. Georgia*, 467 U.S. 39 (1984). In *Waller*, the Court considered whether a defendant's Sixth Amendment right to an open trial prevented the closure of a suppression hearing <u>over the defendant's objection</u>. *Id*. The Court held: "[W]e hold that under the Sixth Amendment any closure of a suppression hearing <u>over the objections of the accused</u> must meet the tests set out in *Press-Enterprise* and its predecessors." 467 U.S. at 47 (emphasis added) (*citing Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1984)). The Court went on to identify a four-factor test:

> [T]he party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure.

*Waller* at 48; *see also Press-Enterprise Co. v. Superior Court of Cal. for Riverside Cnty.*, 478 U.S. 1, 7 (1986) (describing *Waller*'s holding as: "<u>When the defendant objects</u> to the closure of a suppression hearing, therefore, the hearing must be open unless the party seeking to close the hearing advances an overriding interest that is likely to be prejudiced." (*citing Waller* at 47) (emphasis added)).

    The First DCA's decision is not contrary to or an unreasonable application of clearly established Supreme Court precedent, because petitioner waived his Sixth Amendment public-trial right as a matter of federal law. According to *Levine v. United States*, 362 U.S. 610 (1960), a defendant waives his right to a public trial when he fails to object to closure or fails to request, during the closed session, that the courtroom be opened. *Id*. at 618; *see also Peretz v. United States*, 501 U.S. 923, 936 (recognizing that "failure to object to closing of courtroom is waiver of right to public trial" (*citing Levine*)); *Singer v. United States*, 380 U.S. 24, 35 (1965) (finding that a person's right to a public trial can be waived); *see also, e.g., United States v. Sorrentino*, 175 F.2d 721, 723 (3d Cir. 1949) (noting that, consistent with the principle that a defendant should have the right to determine that his interests may be best aided by not exercising a right, such as a right to a trial by jury, "[w]e think that the same considerations apply to the right to a public trial and that a defendant

may waive that privilege also."); *Johnson v. Sherry*, 586 F.3d 439, 444 (6th Cir. 2009) (noting that a right to a public trial "can be waived when a defendant fails to object to the closure of the courtroom"); *Crawford v. Minnesota*, 498 F.3d 851, 854 (8th Cir. 2007) ("Though denial of the right to a public trial is structural error that requires no showing of prejudice, [*citing Wa*ller at 49-50], this confirms that the right may be waived." (*citing Levine*)).

Petitioner relies on *Johnson v. United States*, 520 U.S. 461 (1997), to argue that he was entitled to appellate review (and presumably federal habeas review) of his claim even though he did not object at trial. Petitioner argues:

> While Petitioner's trial counsel did not object, such a gross violation of the Defendant's sixth amendment right has been recognized as fundamental error that does not need objection in order to raise it on appeal. *Johnson v. United States*, 520 U.S. 461, 117 S. [Ct.] 1544, 137 L. Ed. 718 (1997) (Finding fundamental error affecting the substantial rights of a party in a very limited class of cases, one of which is the right to a public trial.)[.]

(Doc. 16, Mem., p. 11). Nothing in *Johnson* suggests that all structural errors are fundamental, allowing a federal court on direct or habeas review to review them absent a trial objection. Justice Scalia clarified *Johnson*'s holding in *Neder v. United States*, 527 U.S. 1 (1999):

> In the context of such unobjected-to error, the mere deprivation of substantial rights "does not, without more," warrant reversal, *United*

> *States v. Olano*, 507 U.S. 725, 737, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993). . . . . *Johnson* stands for the proposition that, just as the absolute right to trial by jury can be waived, so also the failure to object to its deprivation at the point where the deprivation can be remedied will preclude automatic reversal.FN1
>
>> FN1 [T]here is nothing "internally inconsistent" about believing that a procedural guarantee is fundamental while also believing that it must be asserted in a timely fashion. It is a universally acknowledged principle of law that one who sleeps on his rights – even fundamental rights – may lose them.

*Neder*, 527 U.S. at 34-35 (Scalia, J., concurring in part and dissenting in part). Not all structural defects amount to fundamental, non-waivable error, and petitioner's reliance on *Johnson* for that proposition is misplaced.

Even if not waived as a matter of state or federal law, the First DCA's rejection of petitioner's claim was not contrary to, or an unreasonable application of *Waller*, because petitioner made no objection. The *Waller* holding, itself, contemplates an objection. 467 U.S. at 47. Petitioner advances no Supreme Court case indicating, much less holding, that a trial court is required to follow the procedure in *Waller* when the defendant does not object to closure, request that the courtroom remain open, or otherwise invoke or request the *Waller* procedure. Of course, and quite obviously, the failure to object, as a practical matter, foreclosed an evidentiary showing aimed at adducing greater detail as to the reasons for the closure, because

neither the court nor the prosecutor had been made aware that the procedure was objectionable.

The First DCA's rejection of petitioner's public trial claim was neither contrary to, nor an unreasonable application of, United States Supreme Court precedent. Petitioner is not entitled to federal habeas relief.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that

jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

*Case No. 4:16cv31/WS/CJK*

Accordingly, it is respectfully RECOMMENDED:

1. That the second amended petition for writ of habeas corpus (doc. 16), challenging the judgment of conviction and sentence in *State of Florida v. Travis M. Hawkins*, Leon County Circuit Court Case No. 2012-CF-4045, be DENIED.

2. That the clerk be directed to close the file.

3. That a certificate of appealability be DENIED.

At Pensacola, Florida this 12th day of December, 2017.

*/s/* **Charles J. Kahn, Jr.**
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.